UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7769 CAS (VBKx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

Not Present                                                        Not Present

**Proceedings:** **(In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    INTRODUCTION**

On September 18, 2009, plaintiff Gilbert Villanueva filed the instant action against Countrywide Home Loans Servicing, L.P. ("CHLS"), Countrywide Bank, F.S.B. ("Countrywide"), and Bank of America, N.T. & S.A. ("BANA") in the Los Angeles County Superior Court alleging claims for: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) fraud; (4) declaratory relief; and (5) breach of fiduciary duty.

On October 26, 2009, defendants BAC Home Loan Servicing, L.P. ("BAC") (successor-in-interest to CHLS) and Bank of America, N.A. ("BofA") (successor-in-interest to Countrywide and erroneously sued as BANA) timely removed this case on the basis of federal question. Notice of Removal ¶ 3.

**II.    DISCUSSION**

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7769 CAS (VBKx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP | | |

28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

BAC and BofA contend that the Court has jurisdiction over the case, because plaintiff's breach of contract claim is predicated on an alleged violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §1601. Notice of Removal ¶¶ 5-6. Specifically, BAC and BofA cite to only three paragraphs in plaintiff's complaint that reference this federal statute. Id. First, at the end of his general allegation section, plaintiff explains TILA's disclosure requirements. Compl. ¶ 10. Second, plaintiff alleges in his breach of contract claim that defendants "failed to clearly and conspicuously provide information as to why the loan payment of $1,548.27 would not be accepted as the monthly loan payment under the contract," and that "[a]s a direct and proximate result of this omission and failure to clearly and conspicuously disclose Plaintiff's legal obligation under the loan and contract, TILA was violated." Id. ¶¶ 18-19.

In his opposition to BAC and BofA's motion to dismiss, plaintiff argues that the case "was never meant to be heard in a Federal Forum." Opp'n at 2. Plaintiff further argues that "this matter was incorrectly 'Removed' to Federal Court under the guise of this case being a matter involving a 'Federal Question,' [d]espite the fact that the Primary Relief sought is [defendants'] failure to follow an assignment of a contract, loan modification, from one state corporation to another state corporation on real property located within the State of California." Id.

Notwithstanding BAC and BofA's assertion that a federal question exists, it does

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7769 CAS (VBKx) | Date | December 3, 2009 |
|---|---|---|---|
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP | | |

not appear that the state claims necessarily depend on federal law.[1]  Without a showing that plaintiff invoked a federal claim or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Defendants BAC and BofA are hereby ORDERED to SHOW CAUSE on or before December 14, 2009, why the instant action should not be remanded for lack of subject matter jurisdiction in a response not to exceed ten pages.  Plaintiff shall file a reply not to exceed ten pages on or before December 21, 2009.

On its own motion, the Court continues BAC and BofA's motion to dismiss currently noticed for hearing on December 7, 2009 to January 4, 2010 at 10:00 am, to enable the parties to respond to this Court's Order to Show Cause as to whether or not this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[1]  "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law question is essential to each of those theories."  T & E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F.Supp.2d 1240, 1248 (S.D. Cal.2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996)); see also Mangini v. R.J. Reynold Tobacco Co., 793 F.Supp. 925, 927-28 (N.D.Cal.1992) (noting that UCL allegations predicated in part on Federal Cigarette Labeling and Advertising Act did not confer jurisdiction).