UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          JS-6

| Case No. | CV 09-7769 CAS (VBKx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP, *et al.*, | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul D. Pierson | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**     **(In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND REMANDING TO LOS ANGELES SUPERIOR COURT**

On December 3, 2009, this Court ordered defendants to show cause why this case should not be remanded to state court, because in his opposition to defendants' motion to dismiss, plaintiff argued that the case "was never meant to be heard in a Federal Forum" and that "this matter was incorrectly 'Removed' to Federal Court." On December 14, 2009, defendants filed a response to the Court's order. On December 18, 2009, plaintiff filed a reply.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 09-7769 CAS (VBKx) | Date | December 21, 2009 |
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP, *et al.*, | | |

removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Defendants respond that removal is proper because plaintiff in his breach of contract claim alleges that "TILA was violated." Resp. at 4 (quoting Compl. ¶ 19). Defendants argue that although plaintiff argues that TILA was violated in only one paragraph, this claim logically unfolds over nine paragraphs. Id. (citing Salgado v. Downey Sav. & Loan Ass'n, 2009 WL 960777, at *4 (C.D. Cal. Apr. 6, 2009)). Defendants assert that plaintiff attempts to enforce federal law through his breach of contract claim, and thus that federal law is a "necessary element" of plaintiff's claim. Id. at 6 (citing Lippit, 340 F.3d at 1043).

Plaintiff replies that although he alleges in the "General Allegations" section of the complaint that defendants were in violation of TILA, he "never pursued this matter, other than to pursue his rights under [his state law claims]." Reply at 2. Plaintiff further asserts that "[t]his is a state matter and is only sought on that basis." Id. Plaintiff contends that the Court does not have jurisdiction over a claim for breach of contract that does not arise under federal law in the absence of diversity of citizenship between the parties. Id. at 4 (citing Block v. Plaut, 87 F. Supp. 49 (N.D. Ill. 1949)).

The Court finds that the factually unsupported allegation that defendants violated TILA within plaintiff's state law claim of "breach of contract" is not a sufficient basis to retain jurisdiction. Indeed, it appears that plaintiff has waived any potential TILA claim by asserting that he "never pursued this matter [under TILA]," and that "[t]his is a state matter and is only sought on that basis." See Reply at 2. Furthermore, a federal law question under TILA is not "essential to," nor even relevant to, plaintiff's breach of contract claim. See T & E Pastorino Nursery v. Duke Energy Trading & Marketing LLC, 268 F. Supp. 2d 1240, 1248 (S.D. Cal. 2003) (citing Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir.1996) ( "[T]he Ninth Circuit has made clear that a claim supported by alternative theories in the complaint may not be characterized as 'necessarily federal' unless the federal law question is essential to each of those theories."); see also Mangini v. R.J. Reynolds Tobacco Co., 793 F. Supp. 925, 927-28 (N.D. Cal. 1992) (noting that UCL allegations predicated in part on Federal Cigarette Labeling and Advertising Act did

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **JS-6** |
|---|---|---|---|
| Case No. | CV 09-7769 CAS (VBKx) | Date | December 21, 2009 |
| Title | GILBERT VILLANUEVA v. COUNTRYWIDE HOME LOANS SERVICING, LP, *et al.*, | | |

not confer jurisdiction). Thus, plaintiff's state claim of breach of contract does not necessarily depend on federal law. Without a showing that plaintiffs invoked a federal claim or that plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331. Accordingly, the Court DISCHARGES its December 3, 2009 order to show cause, and REMANDS the instant action to the Los Angeles County Superior Court. The Court hereby vacates the hearing set for January 4, 2010 at 10:00 a.m.. on Defendants' Motion to Dismiss Case, filed on November 2, 2009. Therefore, no appearances by counsel will be necessary.

  IT IS SO ORDERED.

                                   :   n/a

                       Initials of

                       Preparer        PDP